UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                               :

VILLAGE OF BAXTER ESTATES,          :
                               :

                Plaintiff,       :

                               :     **MEMORANDUM & ORDER**
            v.                 :     12 CV 2851 (MKB)
                               :

SUSAN ROSEN and STUART ROSEN,   :
                               :

              Defendants.    :
                               :
-------------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

        Plaintiff Village of Baxter Estates (the "Village") filed the above-captioned action against

Defendants Susan Rosen and Stuart Rosen (the "Rosens") on October 25, 2010 in Nassau

County District Court for the collection of a $7,914.54 debt (the "state action").  On December

25, 2011, the Rosens then filed an action in this Court, *Rosen et al. v. Village of Baxter Estates et

al.*, 11 Civ. 5923, pursuant to 42 U.S.C. § 1983, alleging that the Village, among others, had

violated the Rosens' Fourteenth Amendment rights (the "federal action").  The federal action is

currently pending before this Court.  On June 5, 2012, the Rosens removed the action to this

Court.  The Village now moves to remand the state action to Nassau County District Court.  For

the following reasons, the Village's motion is granted.

**I.    Background**

        Stuart Rosen and Susan Rosen live in the Village of Baxter Estates.  (Compl. ¶ 3.)  On

December 12, 2007, the Rosens' attorney asked the Board of Zoning Appeals (the "BZA") to

review certain determinations made by the Village Building Inspector in connection with the

Rosens' property.  *Id.* at ¶ 4.  On June 3, 2008, at the direction of the BZA, the Rosens submitted

a completed BZA application.  *Id.* at ¶ 6.  The BZA then reviewed the Building Inspector's determinations and the Rosens' request for a variance.  *Id.* at ¶ 7.  According to Section 175-83 of the Village Code, applicants are liable for legal fees the BZA incurs in connection with reviewing an application.  *Id.* at ¶ 9.  The Village contends that it incurred fees in the amount of $7,914.54 in connection with reviewing the Rosens' application.  *Id.* at ¶ 11.  The Village demanded payment, but the Rosens failed to pay the amount due.  *Id.* at ¶ 12.

The Village commenced the instant action in Nassau County District Court on October 25, 2010.  The Rosens filed an Answer on November 17, 2010, disputing the majority of the allegations in the Complaint.  (Answer ¶¶ 1–4.)  In addition, the Rosens claimed that the Village "is not entitled to the relief sought in the complaint as it comes to the Court with unclean hands." *Id.* at ¶ 5.  On December 5, 2011, the Rosens filed the federal action in this Court, in which they alleged that the Village and others violated their due process and equal protection rights under the Fourteenth Amendment.  Six months later, on June 7, 2012, the Rosens removed the state action to this Court.

## II.   Discussion

### a.  Standard of Review

A civil action brought in state court may be removed by a defendant to a federal court of original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts are to construe the statute narrowly, resolving any doubts against removability, "[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments." *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir. 1994).  The party asserting jurisdiction bears the burden of proving that jurisdiction and procedural requirements are met.  *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

### b. Timeliness

The Village first argues that the removal is untimely. A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." [1] 28 U.S.C. § 1446(b)(1). Although the statutory time limit is not jurisdictional, the limit is mandatory and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (internal citations and quotations omitted), *superseded on other grounds by rule as stated in Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008).

The Rosens were personally served with the state court complaint on October 29, 2010. (Declaration of Steven Stern ("Stern Decl.") Ex. B.) The Rosens filed an Answer on November 17, 2010. *Id.* The Notice of Removal was not filed until May 22, 2012—a year and a half later. (Notice of Removal.) The Rosens claim that the federal action could not be filed until certain hearings had concluded and that the Notice of Removal could not be filed until the Rosens received the transcripts of those hearings. (Def. Opp'n 14.) Accordingly, the Rosens contend that the removal is timely, and, even if it is not, the Court should exercise its discretion in light of the "exceptional circumstances" presented in this case. *Id.* at 13–14. The filing of the federal action and the receipt of any hearing transcripts are irrelevant and have no bearing on the

---

[1] The Rosens repeatedly refer to a one-year limitation period to file a removal action. (Def. Opp'n 13–14.) The one-year limitation period applies to removals "on the basis of jurisdiction conferred by section 1332" and is not applicable in the instant action. 28 U.S.C. § 1446(c).

Rosens' ability or legal obligation to file a notice of removal within 30 days.  The Rosens waited over a year and a half to remove the state court action, long past the 30 days provided by 28 U.S.C. § 1441(b), and therefore the Court finds the removal untimely.[2]

### c.   Jurisdiction

Even if the removal had been timely filed, the Court would remand this action for lack of subject-matter jurisdiction.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In the absence of diversity jurisdiction, federal-question jurisdiction is required.  *Id.*  Federal-question jurisdiction gives federal district courts jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As a general rule, a suit brought under state law "is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law."  *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005).  Thus, the "well-pleaded complaint" rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (quoting *Caterpillar*, 482 U.S. at 392).  "Federal jurisdiction cannot be predicated on an actual or anticipated defense."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  However, under the "artful-pleading" doctrine, a corollary to the well-pleaded complaint rule, federal courts are permitted to "read into a complaint elements that the plaintiff omitted" in order to ensure that "a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading'

---

[2] The Rosens also claim that they "were lead [*sic*] to believe that the matter was to be removed to Federal Court.  Instead, one day before the matter was scheduled in state court, the Village revoked the agreement and hence, within one day, the notice to remove was prepared and filed."  (Def. Opp'n 15.)  The Village denies these allegations.  Regardless, the Rosens were still required to file a timely removal and any alleged agreement did not constitute a waiver.

his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." *Sullivan*, 424 F.3d at 271.

The Rosens claim that the "state complaint, on its face, reflects jurisdiction under 28 USCA Sec. 1343 (a)(3) as well as the other statutes listed within the notice to remove." [3]  (Def. Opp'n 5, 12.)  They do not point to any claim or allegation in the complaint that supports this assertion.  Rather, the Rosens attempt to shift the burden, arguing that "[n]othing in the papers submitted by the plaintiff substantiates the plaintiff's claim that the case at bar is simply a 'collection' case and that it should be remanded back to state court."  (Def. Opp'n 11.)  The Rosens, not the Village, have the burden "to establish [their] right to a federal forum by 'competent proof.'"  *Kudlek v. Sunoco, Inc.*, 610 F. Supp. 2d 218, 222 (E.D.N.Y. 2009) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.* 612 F.2d 651, 655 (2d Cir. 1979)).  Moreover, a plain reading of the state court complaint demonstrates that the Village brought a collection action to recover fees owed pursuant to the Village Code and that the action does not arise under federal law.

Indeed, the Rosens' jurisdictional argument is not based on the state court complaint at all but rather is reliant on the federal action.  The Rosens argue that because the Court has original jurisdiction over the federal action, the Court can exercise supplemental jurisdiction over the state action pursuant to 28 U.S.C. § 1367.  (Notice of Removal ¶ 5.)  28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

---

[3] The Rosens claim in the Notice of Removal that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, 1443, 1446 and 42 U.S.C. §§ 1983 and 1985.  (Notice of Removal ¶ 2.)

controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However,

"supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court

complaint . . . even if the action which a defendant seeks to remove is related to another action

over which the federal district court already has subject-matter jurisdiction, and even if removal

would be efficient."  *Raghavendra v. Stober*, No. 11 Civ. 9251, 2012 WL 2324481, at *8

(S.D.N.Y. May 21, 2012) (collecting cases), *report and recommendation adopted in its entirety

by* 2012 WL 2334538 (S.D.N.Y. Jun. 18, 2012); *see also Nowak v. Ironworkers Local 6 Pension

Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) ("[The district court] cannot exercise supplemental

jurisdiction unless there is first a proper basis for original federal jurisdiction."); *Corp. Visions,

Inc. v. Sterling Promotional Corp.*, No. 00 Civ. 4663, 2000 WL 33217350, at *1 (E.D.N.Y. Aug.

16, 2000) ("Supplemental jurisdiction, therefore, may only be exercised *in the same action* that

furnishes the basis for exercise of supplemental jurisdiction; *not in a separate or subsequent

case*." (emphasis in original)).  The Rosens have failed to articulate any basis for jurisdiction,

aside from the relationship between the state action and the federal action.  Accordingly, the

Court finds that it lacks subject-matter jurisdiction.

## III.   Conclusion

For the foregoing reasons, the Village's motion to remand this action to the Nassau

County District Court is granted.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  August 30, 2012
        Brooklyn, New York

6